UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:

CEDRIC TYRELL PAGE, SR.,
AKA CEDRIC T. PAGE, SR.
ANGELA MOORE PAGE,
AKA ANGELA M. PAGE,
AKA ANGELA PAGE

    Debtors,

TRUMAN CAPITAL HOLDINGS, LLC,

    Movant,

vs.

CEDRIC TYRELL PAGE, SR.,
AKA CEDRIC T. PAGE, SR.
ANGELA MOORE PAGE,
AKA ANGELA M. PAGE,
AKA ANGELA PAGE and
CARL M. BATES, Trustee.

    Respondents,

Case No. 15-31584-KRH
(Chapter 13)

Ref. Dkt. #48

**CONSENT ORDER MODIFYING AUTOMATIC STAY**

    This matter was settled prior to the scheduled April 6, 2016 hearing on the motion for relief from the automatic stay filed by Truman Capital Holdings, LLC ("Movant") with respect to the real property located at 5000 Faraday Drive, Chester, VA 23831 and more particularly described as follows:

Kathryn Smits, Bar #77337
ksmits@atlanticlawgrp.com
Hugh J. Green, Bar #86687
hgreen@atlanticlawgrp.com
Atlantic Law Group, LLC
PO Box 2548
Leesburg, Virginia 20177
(703) 777-7101

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH IMPROVEMENTS THEREON AND APPURTENANCES THERETO BELONGING, LYING AND BEING IN CHESTERFIELD COUNTY, VIRGINIA BEING KNOWN AND DESIGNATED AS LOT 36, SECTION FOUR, ON SUBDIVISION PLAT MADE BY TIMMONS, ENGINEERS, SURVEYORS, LANDSCAPE ARCHITECT, ECT., SAID PLAT OF STONEY GLEN SOUTH, DATED OCTOBER 24, 2003, RECORDED IN THE CLERK'S OFFICE, CIRCUIT COURT OF CHESTERFIELD COUNTY, VIRGINIA, ON NOVEMBER 12, 2003 IN PLAT BOOK 139, PAGE 2 AND 3, REFERENCE TO WHICH PLAT IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THE SAID PROPERTY HEREIN CONVEYED HEREIN.

BEING A PART OF THE SAME PROPERTY CONVEYED TO THE REEDS LANDING CORPORATION, BY DEED FROM THE THOMAS COMPANY, LLC, A VIRGINIA LIMITED LIABILITY COMPANY, DATED AUGUST 11, 2000, RECORDED AUGUST 11, 2000, IN THE CLERK'S OFFICE, CIRCUIT COURT, CHESTERFIELD COUNTY, VIRGINIA, IN DEED BOOK 3884 PAGE 336.

Upon consideration of which, it is

**ORDERED:**

1.     The debtors will resume making regular monthly installment payments in the amount of $609.00 as they become due commencing on April 1, 2016, subject to adjustment as due under the Note.

2.     The debtors will cure the post-petition arrearage currently due to the movant for December, 2015 through March, 2016 in the total amount of $3,462.00, which includes four (4) post-petition payments in the amount of $609.00 each for the months of December, 2015 through March, 2016 and attorneys' fees and costs in the amount of $1,026.00 for the filing of the Motion for Relief by making a lump sum payment in the amount of $2,436.00 to Movant on or before April 30, 2016 and will cure the remaining arrearage in the amount of $1,026.00 by making the following payments and lump sum directly to Rushmore Loan Management Services, P.O. Box 52708 Irvine, CA 92619-2708:

$114.00 on or before May 15, 2016.
$114.00 on or before June 15, 2016.
$114.00 on or before July 15, 2016.
$114.00 on or before August 15, 2016.
$114.00 on or before September 15, 2016.
$114.00 on or before October 15, 2016.
$114.00 on or before November 15, 2016.
$114.00 on or before December 15, 2016.
$114.00 on or before January 15, 2017.

3. In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtors by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtors' counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a. That the debtors are in default in making at least one payment required under this order;
    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the debtors or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i. cure the default;
        ii. file an objection with the court stating that no default exists; or
        iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
    e. That if the debtors or trustee do not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and
    f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtors or trustee do not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtors or trustee file an objection, the movant must set the matter for hearing and give notice of the hearing to the debtors, debtors' counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtors, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the note holder or servicing agent to send the debtors payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtors default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys fees

in the amount of $50.00 for issuance of a notice of default, certificate of non-compliance and preparation of an order terminating the automatic stay.

_____, Virginia
_____, 20\_\_\_\_\_

Apr 26 2016

/s/ Kevin R. Huennekens
Kevin R. Huennekens
U.S. Bankruptcy Court Judge

Entered on Docket: Apr 27 2016

WE ASK FOR THIS:

\_\_/s/ Kathryn E. Smits_____
Kathryn E. Smits, Bar #77337
Hugh J. Green, Bar #86687
Attorneys for Movant
Atlantic Law Group, LLC
PO Box 2548
Leesburg, VA 20177
703 777-7101 telephone
703 940-9119 facsimile
ksmits@atlanticlawgrp.com
hgreen@atlanticlawgrp.com


\_\_/s/ Richard O. Gates_____
Richard O. Gates, Esquire
P. O. Box 187
Chesterfield, VA 23832
Attorney for the Debtors
Re: Case No. 15-31584-KRH


SEEN:

\_\_/s/ Carl M. Bates_____
Carl M. Bates, Trustee
P.O. Box 1819
Richmond, VA 23218
Re: Case No. 15-31584-KRH

CERTIFICATION

       The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is substantially in compliance with Administrative Order 10-2 and that it has been endorsed by all necessary parties involved in this proceeding.

                                                     /s/ Kathryn E. Smits
                                                   Kathryn Smits, Esquire
                                                   Hugh J. Green, Esquire

The Clerk shall mail a copy of the entered Order to the following:

Kathryn Smits, Esquire
Hugh J. Green, Esquire
Atlantic Law Group, LLC
Attorneys for the Movant
PO Box 2548
Leesburg, Virginia 20177

Cedric Tyrell Page, Sr.
Angela Moore Page
5000 Faraday Drive
Chester, VA 23831
Debtors

Richard O. Gates, Esquire
P. O. Box 187
Chesterfield, VA 23832
Attorney for the Debtors

Carl M. Bates, Trustee
P.O. Box 1819
Richmond, VA 23218